**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**ROBERT EARL PIERCE**                                                          **PLAINTIFF**


**VS.**                                                  **CIVIL ACTION NO. 3:05CV215WSU**


**DEPARTMENT OF THE AIR FORCE**                                          **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

Before this court are the respective motions of the parties:  plaintiff's Motion for

Partial Summary Judgment [docket #61-#62];  and defendant's Motion for Summary

Judgment [docket #72-#73].  Both motions rely upon the jurisprudence established by

Rule 56(c),[1] Federal Rules of Civil Procedure.  Plaintiff comes under Rule 56(a),[2] while

defendant invokes Rule 56(b).[3]  The plaintiff here is Robert Earl Pierce ("Pierce") and the

defendant is the Department of The Air Force ("Air Force").  Plaintiff complains that the

Air Force caused him public scorn and embarrassment when a local newspaper

connected plaintiff's name to a corruption investigation, said connection premised upon

the contents of a protected Air Force document released to the public in violation of the

---

[1]Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[the]
judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment as a matter of law."

[2] Rule 56(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party
seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may. at
any time after the expiration of 20 days from the commencement of the action or after service of a motion
for summary judgment by the adverse party, move with or without supporting affidavits for a summary
judgment in the party's favor upon all or any part thereof."

[3]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party
against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or
without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Privacy Act of 1974, Title 5 U.S.C. §552a(b).[4]

## **Background Facts**

At the center of this dispute is Col. (Ret.) Joe Bryant, a former pilot in the 186th Air Refueling Wing of Mississippi, once stationed at the Key Field Air National Guard Base, Meridian, Mississippi.  Bryant filed  a complaint in February 2001, with Adjutant General, Major General James H. Lipscomb III, alleging wrongful conduct and improprieties by the officers of his unit.  According to Bryant, various officers had disregarded accurate documentation, certified false evaluation documents and cheated on military examinations, allowed the presence of a liquor store on base, and more.

During the investigation, Bryant provided a written list of  allegations against the members of his unit to Colonel Kenneth Emmanuel ("Emmanuel").  Emmanuel was charged by the IG with investigating the allegations.  Over a period of several months, Emmanuel interviewed officers of the unit and studied documents.

On May 31, 2004, Emmanuel issued his findings in a Report of Investigation (ROI).  Pursuant to the Air Force IG regulation,[5] Emmanuel also completed a Summary Report of Investigation (SROI).  The SROI is a version of the ROI which is supposed to omit the names and personal identifying information of the individuals in the report.

The SROI in question addressed forty-four (44) allegations raised by Bryant.  The SROI stated whether each allegation had been substantiated or not substantiated.  The SROI did not mention the names of any of those investigated;  instead, the document

---

[4]  The Privacy Act of 1974, 5 U.S.C. § 552a(b) prohibits a federal agency from disclosing 'any record which is contained in a system of records . . . except pursuant to . . . the prior written consent of the individual to who the record pertains."

[5] Section 2.61 of the Air Force Instruction 90-301.

identified those investigated by duty titles, such as:  Air Operations Officer, 186th Air Refueling Wing Commander, Air Operations Officer, Squadron Commander, 186th Logistics Group Commander, C-26 Program Manager, Counterdrug Coordinator, 186th ARW Executive Officer, Lieutenant Colonel, 186th Air Refueling Wing Comptroller, 186th ARW Instructor Pilot, etc.

Before closing the case, the Air Force sent to Joe Bryant a final written response regarding the findings of the investigation.  According to the Air Force, Bryant was eligible to receive such a response because he was the first-party complainant.[6]

Consequently, on October 22, 2004, The Meridian Star and The Clarion-Ledger, Mississippi newspapers of wide circulation, reported the findings of the investigation and listed the names of the subjects of the investigation.  According to the Air Force, Bryant's wife furnished a copy of the Air Force's final response to the editor of The Meridian Star.

The Meridian Star treated the Air Force report as a top story.  In its front-page article on the matter, The Meridian Star listed alleged misconduct and the names of persons suspected as perpetrators.  The plaintiff's name was mentioned multiple times, as follows:  "[T]he most substantiated allegations - seven - were against Col. Earl Pierce, a Newton County resident.  The allegations involved wrongfully disposing of government property, cheating on professional military tests, wrongfully fraternizing and or sexually harassing a subordinate enlisted female; wrongfully referring a subordinate pilot for a mental health evaluation; wrongfully using government aircraft for unauthorized flights;

---

[6] A complainant is any individual making an allegation against an Air Force member, program, or organization. Complainants will receive a final response from the level that conducted the investigation unless otherwise directed by higher-level IG.  2.61.4 of the Air Force Instruction 90 - 301.

and falsifying or failing to update military medical records."

**Relevant Law and Analysis**

Jurisdiction

Pierce brings his claim under federal law, claiming his rights under the Privacy Act of 1974 were violated.  This court has subject matter jurisdiction over this dispute pursuant to the authority provided by Title 5 U.S.C. § 552a(g)1.[7]

Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);  *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003);  *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).  "A fact is 'material ' if it 'might affect the outcome of the suit under governing law.'"  *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).  The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial.  *See Celotex Corporation*, 477 U.S. at 322-23;  *Anderson*, 477 U.S. at 257;  *Matsushita Electric*

---

[7]  Subsection (g)(1) recognizes a civil action for agency misconduct fitting within any of the four categories (the fourth . . . being a catchall), 5 U.S.C. §552a(g)(1)(A)-(D) . . . The first two categories cover deficient management of records: subsection (g)(1)(A) provides for the correction of any inaccurate or otherwise improper material in a record, and subsection (g)(1)(B) provides a right of access against any agency refusing to allow an individual to inspect a record kept on him.

*Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson*, 477 U.S. at 247-48; *Hart v. O'Brien*, 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 540; *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden

of proof at trial.  *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d

317 (1993);  *Celotex Corporation*, 477 U.S. at 322.

Privacy Act Standards

The Privacy Act, Title 5 U.S.C. §552a, seeks "to protect the privacy of individuals

identified in information systems maintained by Federal agencies," Pub.L. No. 93-579,

§2(a)(5), 88 Stat. 1896, 1896 (1974), because such privacy "is directly affected by the

collection, maintenance, use, and dissemination of personal information by Federal

agencies." Id. §2(a)(1).  Over the years, the courts have been zealous in protecting the

privacy rights of its citizens under this Act as shown by:  *Pippinger v. Rubin,* 129 F.3d

519, 529 (10th Cir. 1997) (no evidence of wilfulness)*;  Quinn v. Stone*, 978 F.2d 126,

131 (3rd Cir. 1992) ("stating that a record can . . . consist of a single piece of

information"); *Bartel v. FAA*, F.2d 1403 (D.C. Cir. 1984) (the seminal case interpreting

the Privacy Act's disclosure provision).

The Act provides four causes of action: (1) for an agency's failure to amend an

individual's record pursuant to his request; (2) for an agency's denial of access to an

individual's records; (3) for an agency's failure to maintain an individual's records with

"accuracy, relevance, timeliness, and completeness;" and (4) for an agency's failure to

comply with other Privacy Act provisions, which has an "adverse effect" on the individual.

See *Gowan v. U.S. Dep't. of the Air Force*, 148 F.3d 1182, 1187 (10th Cir.1998) (listing

the four causes of action).

Here, Pierce asserts the fourth cause of action.  He claims the Air Force willfully

disclosed a "record" contained in a "system of records" in violation of § 552a(b) and that

the disclosure had an adverse effect upon him.

The Act defines "record" in a relatively broad fashion: "any item, collection, or grouping of information about an individual that is maintained by an agency . . . that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph."  Id. §552a(a)(4).  That is, to be a "record," an item must contain "information that actually describes the person in some way."  *Tobey v. NLRB*, 40 F.3d 469, 472 (D.C.Cir.1994).

Section 552a(b) provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person," unless the disclosure falls within one of twelve statutory exceptions.  §552a(b).  These exceptions are enumerated as follows:  (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;  (2) required under section 552 of this title;  (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;  (4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13;  (5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;  (6) to the National Archives and Records Administration as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Archivist of the United States or the designee of the Archivist to determine whether the record has such value;  (7) to another agency or to an

7

instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;  (8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual; (9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee; (10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the Government Accountability Office;  (11) pursuant to the order of a court of competent jurisdiction;  or (12) to a consumer reporting agency in accordance with section 3711(e) of title 31.5 U.S.C.A. § 552a.

The Air Force has not alleged that any exception applies to this case.  The Air Force contends instead that it never willfully disclosed a "record."  This point is vital because the disclosure of a "record" is an essential element constituting a showing that the Privacy Act has been violated.

In order to prove a violation of the Privacy Act, a plaintiff must present evidence of the following elements: (1) the information is a "record" within a "system of records;" (2) the agency disclosed the information; (3) the disclosure had an adverse effect on him; and (4) the disclosure was intentional or willful.  5 U.S.C.§ 552a(g);  *Jacobs v. National Drug Intelligence Center*, 423 F.3d 512, 516 (5th Cir. 2005).  So, only the first element is

8

at issue here, whether the information disclosed about Pierce is protected by the Act as a "record" within a "system of records."

<u>Privacy Act Analysis</u>

Pierce contends that the duty title designated in the final response letter make the document a "record" and is thus protected under the Privacy Act because the duty title was an "identifying particular" assigned to him.  According to the Air Force, the Privacy Act does not apply because the final response document was not  a record and was not contained within a system of records.  The Air Force's interpretation of the statute is supported by both the statute's text and the cases interpreting it.

It is undisputed that the final response did not reveal Pierce's name, but instead, listed his duty title.  This court is not persuaded that the duty title identified Pierce particularly, nor does the court believe the duty title is unique to an individual.  During a hearing on this matter, the court heard testimony illustrating that different officers were associated with similar duty titles.  In fact, plaintiff's duty title of C-26 Program Manager was not unique to him by the time the newspaper articles surfaced.  Plaintiff had a predecessor in that position, as well as a successor.  Although the newspapers managed to connect plaintiff to certain accusations, the newspapers could not have done so without resort to information outside of the Air Force final report.  The newspapers have not said upon what other sources they relied.

The defendant relies on *Fleming v. United States R.R. Ret. Bd.* 2002 WL 252459 at *2 (N.D.Ill. 2002), where that court held that a summary of an investigation that was disclosed in a semi-annual report to Congress did not constitute a "record," because the disclosure would have identified the plaintiff only to an individual who had other

9

information that would have caused that individual to infer from the report that the plaintiff was the subject of the investigation.

This court agrees with the Air Force that without additional information, the newspapers could not have singled out Pierce for alleged wrongful conduct.  Therefore, the court is not persuaded that the duty title listed by the defendant is the equivalent of a name or particular individual.

## Conclusion

Having applied the appropriate juridicial principles to the undisputed material facts of this lawsuit, viewed in a light most favorable to the non-movant, this court is persuaded to grant the Air Force's motion for summary judgment and to deny Robert Pierce's motion for partial summary judgment.  The court will enter a Final Judgment  in accordance with the local rules.

**SO ORDERED AND ADJUDGED, this the 30th day of September, 2006**.

**s/ HENRY T. WINGATE**

_____

**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05-cv-215 WS
Memorandum Opinion and Order

10